UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDA L. HOWLAND,

                            Plaintiff,

-vs-                                    19-CV-6531 CJS
                                                           AMENDED[1]
DANIEL L. HOWLAND,                           DECISION and
                                 Defendant.                ORDER

---

INTRODUCTION

Now before the Court are Plaintiff's applications for service and for appointment of counsel. (Docket Nos. [#2][#3]). Those applications are denied and this action is dismissed without prejudice for lack of jurisdiction.

BACKGROUND

On July 18, 2019, Plaintiff commenced this action proceeding *pro se*. On that same date, Plaintiff filed a motion [#2] for service by the U.S. Marshall and a motion [#3] to appoint counsel. The action purports to state a claim against Plaintiff's ex-husband under a federal criminal statute, 18 U.S.C. § 371, "Conspiracy to commit and offense or to defraud United States." On the form complaint that she used to initiate the action, Plaintiff described the nature of the suit as follows:

I have learned the defendant is involved in conspiracy to defraud the U.S.

---

[1] The amendment is to reflect that the action is dismissed on the basis of lack of jurisdiction, without prejudice.

1

> government which includes but not limited to tax fraud, drug and sex traffic, bank and investment fraud, real estate fraud through the use of fake and stolen i.d.s. He falsified the sworn statement of net worth which was the premise for divorce settlement. He lied to the court about child support. I want compensation for property owed to me and was acquired [sic] during the course of our marriage of [blank] years. I'd like him prosecuted for his crimes and their activity ceased.

Complaint [#1] at p. 1. Elsewhere in the complaint, Plaintiff indicates that she commenced the action in response to her ex-husband's recent request for a reduction or cessation of his child-support obligations in state court. Plaintiff demands damages "in excess of $25 M[illion]."

## DISCUSSION

A Court may raise the issue of subject-matter jurisdiction on its own motion at any time. *See, Anghel v. Ruskin Moscou Faltischek, P.C.*, 598 F. App'x 805, 806 (2d Cir. 2015) ("[A] challenge to subject matter jurisdiction may be raised *sua sponte* at any time.") (citation and internal quotation marks omitted). Here, there is no basis for "federal question" jurisdiction, as Plaintiff has no standing to sue to enforce a federal criminal statute.[2] Nor does there appear to be a basis for diversity jurisdiction, since this action appears to fall squarely within the "matrimonial exception" to diversity jurisdiction.[3]

---

[2] "Federal criminal statutes can only be enforced by the proper authorities of the U.S. government; therefore, a private citizen has no authority or standing to initiate a federal criminal prosecution." 21 Am. Jur. 2d Criminal Law § 515 (Westlaw 2019).

[3] *See, UBS Fin. Servs. Inc. v. Mantovi*, No. 217CV5921DRHAYS, 2018 WL 1747043, at *1 (E.D.N.Y. Apr. 11, 2018) ("The Second Circuit has carved out an exception to federal jurisdiction for issues on the verge of being matrimonial in nature so long as there is no obstacle to their full and fair determination in state courts and the interests of justice would be served by allowing the determination to be made in state court in view of the state court's great familiarity with matrimonial disputes and the absence of any such expertise by the federal courts. This exception is known as the domestic relations exception or the matrimonial exception.") (citations and internal quotation marks omitted); *see also, Durr v. Mobley*, No. 92 CIV. 8349 (SS), 1993 WL 118486, at *2 (S.D.N.Y. Apr. 12, 1993) ("[T]he Supreme Court in *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206 (1992) upheld the continued validity of the domestic relations exception, stating that the same exists as a matter of statutory construction regardless of its historical provenance, *see id.*, 112 S.Ct. at 2215, and divests federal courts of jurisdiction "to issue divorce, alimony

CONCLUSION

Plaintiff's applications [#2][#3] are denied and this action is dismissed for lack of subject-matter jurisdiction without prejudice. The Court's prior Decision and Order [#5] dismissing the action with prejudice is vacated. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: August 27, 2019          ENTER:
       Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J.  SIRAGUSA
                                          United States District Judge

---

and child custody decrees." *Id.*, 112 S.Ct. at 2215.   Durr's claim falls within the ambit of cases excluded by *Ankenbrandt* as his complaint involves claims of child support and child custody—two areas that are at the core of the domestic relations exception.") (footnote omitted).